## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

LLOYD CURTIS CLARK,

      Plaintiff,

-vs-                                   Case No.  8:05-CV-2020-T-27TGW

KATRINA T. BARCELLONA,

      Defendants.

_____/

### ORDER

Plaintiff, an inmate in a Florida penal institution proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1) and an Affidavit of Indigency in which he seeks leave to proceed *in forma pauperis* (Dkt. 2). Plaintiff names Katrina T. Barcellona, Assistant Public Defender, Polk County, Florida, as Defendant.  Having reviewed the complaint, applicable statutes and controlling case law, for reasons set forth *infra*, the Court finds that the complaint is subject to summary dismissal prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B).

The Prison Litigation Reform Act of 1995, Title VIII, Section 803(d), Suits by Prisoners (hereinafter "PLRA"), which significantly altered the processing of *in forma pauperis* and prisoner litigation, applies in the present case because Plaintiff filed his complaint after the PLRA's effective date of April 26, 1996. *See Booth v. C.O. Churner*, 532 U.S. 731, 736 (2001)*; Harper v. Jenkin,* 179 F.3d 1311, 1312 (11th Cir. 1999);

*Alexander v. Hawk*, 159 F.3d 1321, 1324 (11th Cir. 1998).  Plaintiff seeks compensatory and punitive damages.

Title 28 U.S.C. § 1915(e)(2) provides, in pertinent part, that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A)  the allegation of poverty is untrue; or
>
> (B)  the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

The procedure required by § 1915(e)(2) is a screening process, to be applied *sua sponte*.

*See* 28 U.S.C. § 1915(e)(2).

The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Fed.R.Civ.P. 12(b)(6).  *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii).").  A complaint should not be dismissed for failing to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *See Harris v. Proctor & Gamble Cellulose Co.*, 73 F.3d 321, 324 (11th Cir. 1996) (quoting *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977)).  The plaintiff is not required to set forth all the facts upon which the claim is based, but he must provide a statement sufficient to place the defendants on notice of the nature of the claim. *Id.* The Court construes the complaint in the light most favorable to the plaintiff and all

-2-

well-pled allegations are taken as true. *See Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998), *cert. denied*, 525 U.S. 1139 (1999).

It is only when the facts alleged, if proven, will not justify recovery that an order of dismissal under § 1915(e)(2)(B) is warranted. In the case of a *pro se* action, the Court should construe the complaint more liberally than it would formal pleadings drafted by lawyers. *See Tannenbaum v. United States,* 148 F.3d 1262 (11th Cir. 1998).

### Discussion

Plaintiff brings his suit under 42 U.S.C. § 1983, alleging that his civil rights were violated by Defendant. In any § 1983 action, the initial inquiry must focus on whether two essential elements are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.

*Duke v. Massey*, 87 F.3d 1226, 1231 (11th Cir. 1996) (citations omitted); *see also Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995). If either element is missing, the claim fails.

Plaintiff's claims against Defendant Barcellona relate to her performance as the public defender appointed to represent him in his state criminal prosecution for drug-related charges.[1] According to Plaintiff, Defendant Barcellona's conduct during his criminal proceedings caused him to be sentenced with an illegal scoresheet, in violation his right

---

[1] The Court takes judicial notice of information available at the Florida Department of Corrections Offender Information Network, viewed November 30, 2005, confirming that Plaintiff was convicted for the sale of cocaine and possession of methamphetamine on August 19, 2005, in Polk County, Florida. *See* Fed. R. Evid. 201.

to effective assistance of counsel under the Sixth Amendment to the United States Constitution of  (Dkt. 1 at 5).

Based on Plaintiff's statements regarding the nature of his claim against Defendant Barcellona, the Court finds that Plaintiff has failed to make the threshold showing required to proceed with a § 1983 claim.  Public defenders are not considered "a person acting under color of state law."  In addressing this issue, courts have concluded that public defenders and their assistants generally do not act under color of state law when representing indigent defendants in criminal proceedings, and therefore cannot normally be sued in a § 1983 cause of action arising out of such representation.  For example, in *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985), the court dismissed a plaintiff's § 1983 claims against a public defender who represented him, finding that the public defender did not act under color of state law.  Similarly, in *O'Brien v. Colbath*, 465 F.2d 358, 359 (5th Cir. 1972),[2]  the court held that § 1983 was never intended as a vehicle for prosecuting malpractice suits against court-appointed attorneys.  Finally, in *United States ex rel. Simmons v. Zilbilich*, 542 F.2d 259, 261 (5th Cir. 1976), the court held that alleged malpractice-type actions or omissions by a court-appointed volunteer attorney in relation to a criminal trial were not acts taken under color of state law and thus could not serve as a basis for a § 1983 action against the attorney.  *See also Nelson v. Stratton*, 469 F.2d 1155 (5th Cir. 1972); *Comes v. Munoz*, 724 F.2d 61 (7th Cir. 1983) (public defender assigned to handle a defendant's appeal did not act under color of state law, and thus defendant's § 1983 claim against the attorney for allegedly refusing to pursue various issues on appeal was properly dismissed).

---

[2]Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers. *See Tannenbaum*, 148 F.3d at 1263. A plaintiff is not require to prove his claim in his complaint, but he must allege sufficient facts in the complaint which, when viewed in the light most favorable to plaintiff, support the conclusion that he may be able to establish that he is entitled to the relief he seeks under § 1983. Plaintiff has failed to meet this burden. Because the only defendant named in the complaint is immune from suit, Plaintiff's case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). The deficiency in the complaint cannot be cured by amendment or discovery.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's civil rights complaint is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

2. The **Clerk** shall enter judgment against Plaintiff, terminate all pending motions, and close this case.

**ORDERED** in Tampa, Florida, on ___November 30th___, 2005.

JAMES D. WHITTEMORE
United States District Judge

Copy furnished to:
*Pro se* Plaintiff

SA/jsh

-5-